UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | C/A No.: 4:17-cv-1038-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER FOR JUDGMENT** |
| | ) | **BY DEFAULT AGAINST** |
| Ultimate Jet-A-Way Sportsbar & Lounge, | ) | **ULTIMATE JET-A-WAY** |
| Inc., and La'Tanya T. Epps, | ) | **SPORTSBAR & LOUNGE, INC.** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, J&J Sports Productions, Inc. ("Plaintiff"), which had exclusive, nationwide commercial television distribution rights to *"Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program,"* ("the Program"), sued Ultimate Jet-A-Way Sportsbar & Lounge, Inc., and La'Tanya T. Epps ("Defendants") for exhibiting the May 3, 2014 commercial broadcast of the Program, which included under-card bouts and commentary, at 55 N. Williamsburg County Highway, Kingstree, South Carolina 29556, without paying the required licensing fee to Plaintiff. Plaintiff's Complaint included causes of action brought pursuant to 47 U.S.C. § 605 ("Communications Act") and 47 U.S.C. § 553 ("Cable & Television Consumer Protection and Competition Act"), as well as a state law claim for conversion. Although Defendant Ultimate Jet-A-Way Sportsbar & Lounge, Inc. ("Defendant Ultimate") was properly served with the Complaint, it has not answered or filed any responsive pleading. Pursuant to Plaintiff's request for Entry of Default (ECF No. 8), the Clerk of Court entered a default against the Defendants (ECF No. 9), and Plaintiff then moved for a default judgment and award of attorneys' fees and other costs. (ECF No. 12.) Defendant La'Tanya T. Epps ("Defendant Epps") served and filed an Answer to Plaintiff's Complaint (ECF No. 6.), and she is

1

not in default. This Order is not directed to Defendant Epps.

The court finds that, with regard to Defendant Ultimate, there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and detailed affidavits submitted. *See* Fed. R. Civ. P. 55(b)(2) ("the court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Found. For Advancement Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (" . . . in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.") If the defendant does not contest the amount pled in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing. *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006). The court has reviewed Plaintiff's submissions, and has determined that they adequately support Plaintiff's claims and provide a reasonable basis upon which to rest an award of damages that is easily computable.

**I.    Introduction**

Plaintiff filed a Complaint against Defendants on April 21, 2017. This action seeks an award of statutory damages, enhanced damages, attorneys' fees and costs, as well as compensatory and punitive damages based on the unlicensed broadcast of the Program. (ECF No. 1.)

   **A.    Jurisdiction and Venue**

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367. The court has personal jurisdiction over Defendants, and venue in this District is

proper pursuant to 28 U.S.C. § 1391 because Defendants are South Carolina residents they are, or were doing business in this District, and because the alleged wrongful acts occurred in this District.

B. <u>Process and Service</u>

On April 25, 2017, Plaintiff's private process server served La'Tanya T. Epps individually and as Registered Agent of Ultimate Jet-A-Way Sportsbar & Lounge (ECF No. 5-1.)

C. <u>Grounds for Entry of Default</u>

Defendant Ultimate did not timely file an answer or other pleading, as reflected by Affidavit of Default (ECF No. 8-1) and Affidavit of Plaintiff's Counsel in Support of Request for Entry of Default, with regard to Defendant Ultimate. (ECF No. 8-2.) The Clerk of Court properly entered default as to Defendant Ultimate on July 19, 2017. (ECF No. 9.)

D. <u>Motion for Default Judgment</u>

On August 31, 2017, Plaintiff filed a Notice of Motion and Motion for Default Judgment, a copy of which was served upon Defendants by mail on said date. (ECF No. 12.)

## II. <u>Findings of Fact</u>

Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Request for Entry of Default, Motion for Default Judgment, as well as all supporting and supplemental information provided, the court accepts Plaintiff's well-pled factual allegations as true and makes the following factual findings. See *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.")

(quoting *Ryan v. Homecomings Fin. Network,* 253 F.3D 778, 780 (4th Cir. 2001)).

Plaintiff is a California limited liability company with its principal place of business in Campbell, California. (ECF No.1 at ¶5.) Defendant Ultimate is a corporation organized and existing under the law of State of South Carolina, and is, or at all relevant times mentioned in the Complaint was, doing business as Ultimate Jet-A-Way Sportsbar & Lounge, in the County of Williamsburg (Id. at ¶6.)

Relevant to this litigation, Plaintiff paid for, and was granted, the exclusive nationwide commercial television distribution rights to the Program. Plaintiff contracted with and granted certain businesses the rights to exhibit publicly the Program to its customers within their commercial establishments. Plaintiff expended substantial money in marketing, advertising, administering and transmitting the Program to such businesses.

Plaintiff alleges in its Complaint that Defendants were present during the broadcast and committed, directly or indirectly, the misconduct, had dominion, control, oversight and management authority over the establishment known as Ultimate Jet-A-Way Sportsbar & Lounge, and had an obvious and direct financial interest in the misconduct. (ECF No. 1 at 3-4 ¶¶ 14-19.)

### III.  Analysis

Having found the facts set forth in Plaintiff's Complaint as deemed admitted by Defendant Ultimate, by its default, the court must ensure the Complaint sets forth a proper claim before entering default judgment.  See *GlobalSanta Fe Corp. v. Globalsantafe.com*, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) (considering facts and evaluating Plaintiff's claims prior to entry of default judgment in copyright action).  The court considers whether Plaintiff has set forth claims for which relief can be granted pursuant to the standard of Fed.R.Civ.P. 12(b)(6).

A. <u>Election of Remedies</u>

In its Motion for Default Judgment and accompanying Memorandum, Plaintiff submits that it has established liability pursuant to 47 U.S.C. § 605 and 47 U.S.C. § 553; and because the two statutory schemes provide relief for the alternate means by which the Program might have been received (satellite or cable), Plaintiff has, with respect to Defendant Ultimate, conditionally elected to proceed under 47 U.S.C. § 605, withdrawing its cause of action under 47 U.S.C. § 553 (ECF No. 12 at 1 ¶ 6.) and to withdraw its cause of action for conversion, provided that it prevails under 47 U.S.C. § 605. (Id.)

In electing to pursue damages pursuant to 47 U.S.C. § 605, Plaintiff has conceded the split in authority as to the applicability of this section to pirated programming involving cable services--as opposed to satellite services – at the delivery point, and it has submitted that, without the benefit of discovery or an admission by Defendants, it is impossible to determine whether the Program was broadcast by cable or satellite signal. See *Columbia Cable TV Co. v. McCrary*, 954 F. Supp. 124, 128 n.4 (D.S.C. 1996) (stating that the Fourth Circuit has not addressed this issue but that other circuits have). The court recognizes that 47 U.S.C. § 605 would be inapplicable if the delivery were by cable; however, given the default, Plaintiff cannot conduct discovery to determine the mode of transmission.

A higher range of damages is available in 47 U.S.C. § 605 than in 47 U.S.C. § 553. Statutory damages under 47 U.S.C. § 605 range from $1,000 to $10,000 for each violation with a $100,000 maximum enhancement for willfulness, while statutory damages under 47 U.S.C. § 553 range from $250 to $10,000 for all violations with a $50,000 maximum enhancement for willfulness. 47 U.S.C. §§ 605(e)(3)(C)(i)(II), (e)(3)(C)(ii); 553(c)(3)(A)(ii), (c)(3)(B). In any event, in light of the damages awarded herein, the distinction is without a difference in this case.

See *Columbia Cable TV,* 954 F.Supp. at 128 (noting that, even if 47 U.S.C. § 605 were applicable to cable theft at point of delivery, under facts of the case, the court would award damages "as close as permissible to the amount awarded under § 553"). In its Motion for Default Judgment, Plaintiff seeks damages under both 47 U.S.C. § 605 and not to pursue its conversion claim. (ECF No. 12 at 3 ¶ 5.) As such, the remainder of this Order focuses only on Plaintiff's claim and damages pursued under 47 U.S.C. § 605.

      B.      <u>Liability under 47 U.S.C. § 605</u>

The Communications Act prohibits the unauthorized reception, interception, publication, or divulgence of interstate radio or wire communications. *See* 47 U.S.C. § 605(a). Specifically, it provides, in pertinent part, that:

> . . . no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent or attorney. . . .

47 U.S.C. § 605(a). In short, Plaintiff must demonstrate that Defendants intercepted the Program's signals and "divulged" or aired it to commercial patrons.

Plaintiff did not issue a license to Defendants to show the Program. Plaintiff submitted proof, through an affidavit of a private investigator, who viewed the Program at Ultimate Jet-A-Way Sportsbar & Lounge, located at 55 N. Williamsburg County Highway, Kingstree, South Carolina 29556. (ECF No. 12-4.) This affidavit provides evidence that the Program was displayed on four (4) screens at Ultimate Jet-A-Way Sportsbar & Lounge and provides details of the portion of the Program the investigator watched. (*Id.*) Plaintiff having established that Defendants violated 47 U.S.C. § 605(a), the court finds and concludes that judgment should be

entered in Plaintiff's favor against the Defendants.

    C.      <u>Damages under 47 U.S.C. § 605</u>

The available penalties and remedies for violation of 47 U.S.C. § 605(a) include a private civil action, as follows:

> (B) The court--
>
> (i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;
>
> (ii) may award damages as described in subparagraph (C); and
>
> (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B). Plaintiff seeks damages, attorneys' fees and costs.

    1.      <u>Statutory Damages under 47 U.S.C. § 605</u>

The statute sets out the following available damages:

> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:
>
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section. . . .

47 U.S.C. § 605(e)(3)(C).

Plaintiff has elected to recover statutory damages available under 47 U.S.C. § 605(e)(3)(C)(i)(II), rather than actual damages available under 47 U.S.C. § 605(e)(3)(C)(i)(I). As Plaintiff points out, statutory damages are difficult to prove. Because of Defendants' default, Plaintiff has not been able to conduct discovery concerning, among other things, Defendants' profits from the broadcast of the Program. Plaintiff seeks $10,000.00 in statutory damages, which is the maximum available pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and it argues for the maximum recoverable statutory damages to compensate Plaintiff for its damages and for the deterrent effect it may have in minimizing such future conduct. In order to compensate Plaintiff for its damages and for the deterrent effect it may have in minimizing such future conduct.

According to the private investigator's affidavit, Ultimate Jet-A-Way Sportsbar & Lounge has a capacity of 150 patrons. (ECF No. 12-4.) According to Plaintiff's Affidavit in Support of Motion for Default Judgment, the Rate Card shows that, based on a capacity of up to 150, the charge for the license fee for the Program was $3,000.00. (ECF No. 12-3 at 8.)

The court may award statutory damages between $1,000 to $10,000 in an amount "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Nationwide, courts have used various methods of determining an appropriate amount of statutory damages. Some courts fashion an award by considering the number of patrons who viewed the programming, often multiplying that number by the cost of the residential fee for watching such programming. See *Joe Hand*

*Promotions, Inc. v. Veltsistas, LLC* No. 1:10CV1442 JCC/TRJ, 2011 WL 5826059, at *2 (E.D. Va. Oct. 21, 2011), *report and recommendation adopted*, No. 1:10CV1442 JCC/TRJ, 2011 WL 5826082 (E.D. Va. Nov. 18, 2011) (court used a "per patron" amount). Some courts base the statutory damages amount on an iteration of the licensing fee the violating establishment should have paid the plaintiff, and other courts award a flat amount for a violation. *See e.g., J&J Sports Prods., Inc. v. Cornelius*, No. 3:17-CV-0844-TLW, 2017 WL 3437325, at *4 (D.S.C Aug. 10, 2017) (court granted three times the license fee as statutory damages); *Kingston Pay-Per-View, Ltd. V. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008), *report and recommendation adopted as modified sub nom. Kingvision Pay-Per-View, Ltd. V. Valles-Salcedo*, No. CIVA07CV00979RPMMEH, 2008 WL 583817 (D. Colo. Feb. 28, 2008) (court granted a flat amount of $5,000.00 for defendant's violation).

The Court notes that the president of the plaintiff indicated in his affidavit at paragraph 18 (ECF No. 12-3 at 6) that there were 4 television monitors and this was in a major metropolitan area. Neither is accurate. Kingstree is hardly a major metropolitan area, and the investigator's affidavit indicates that there were 2 television monitors playing the event and at most, 7 people were present with a $10.00 cover charge.

The Court concludes that statutory damages of $3,070.00 should be granted. Under the facts and circumstances, the Court concludes that the amount of the license fee plus the gross profit, when combined with enhanced damages and attorney fees reflected below is just compensation and a fair reflection of damage.

    2.    <u>Enhancement of Statutory Damages under 47 U.S.C. § 605</u>

Plaintiff claims that Defendant Ultimate willfully violated 47 U.S.C. § 605(a) for financial gain and seeks enhanced damages of $100,000, asserting that said Defendant

intentionally intercepted and showed the Program for financial gain or commercial advantage and that said Defendant directly or indirectly committed wrongful acts and cannot hide behind a corporate shield. The statute permits the court, in its discretion, to increase damages by up to $100,000 per violation when the violation is ". . . committed willfully and for purposes of direct or indirect commercial advantage or private financial gain [.]" 47 U.S.C. § 605(e)(3)(C)(ii). In addition to said Defendant's intentional acts, Plaintiff's Affidavit in Support of its Motion for Default Judgment asserts that the Program could not have been "mistakenly, innocently or accidentally intercepted." (ECF No. 12-3 at 3 ¶ 9.)

According to Plaintiff's private investigator's affidavit, Defendants did charge a cover charge of $10.00 (ECF No. 12-4 at 17), which charge establishes a motive of private financial gain. Defendant Ultimate's conduct was intentional and willful, as it did not lawfully license the Program from Plaintiff and exhibited it to patrons. (ECF Nos. 12-3 at 3 ¶ 7; 12-4 at 2.)

Although the court finds that Defendants' violation was intentional and willful and agrees that more than nominal damages should be awarded to deter future violations, the court does not approve the maximum of statutory enhanced damages. It concludes that enhanced damages in the amount of $1,000.00 (in addition to the $3,070.00 award discussed above and the award of attorney's fees and costs discussed below) should be granted.

Thus, the statutory and enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C) should be awarded in the aggregate amount of $4,070.00

### IV. Attorneys' Fees and Costs under 47 U.S.C. § 605

The Communications Act requires that the court award "full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). As the rightful owner of the Program broadcast rights, Plaintiff is an aggrieved party which has

prevailed.

1. Request for Costs

Plaintiff submitted the affidavit of its South Carolina counsel in support of its request for costs. The court grants to Plaintiff costs in the amount of $530.00 (filing fee, investigative services and process service costs, etc.). (ECF No. 12-6 at 2 ¶ 5.)

2. Request for Attorneys' Fees

The "full costs" to be awarded to a prevailing party pursuant to 47 U.S.C. § 605(e) includes "reasonable attorneys' fees." In support of its request for attorneys' fees, Plaintiff submitted the Declarations of its counsel. (*Id*. at 1-2 ¶ 4.)

In this default matter, no one has appeared to challenge the attorneys' fees, submitted by Plaintiff. Nonetheless, in determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee[1]), the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case

---

[1] "In cases in which the prevailing party does not obtain a common fund, but fees otherwise are authorized by statute or by judicial doctrines, the primary method used by courts in assessing attorney-fee awards is referred to as the lodestar approach. Under the lodestar calculation, petitioning attorneys must present detailed time records of the hours expended by each lawyer indicating the nature of the particular work done by each. The failure to do so may lead to the denial or reduction of the award."

§ 2675.2 Particular Items of Costs – Attorney's Fees: The Lodestar Approach, 10 Fed. Prac. & Proc. Civ. § 2675.2 (3d ed.)

within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awarded in similar cases. *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. *See E.E.O.C. v. Servo News Co.,* 898 F.2d 958, 965 (4th Cir. 1990). ("[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee.") In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

The information Plaintiff provided, coupled with the court's knowledge of rates in work of this type in this District, supports an attorneys' fee in the amount of $1,310.75. Based on the information and supporting documents before the court at this time, the court concludes that the judgment against Defendants should include an award of attorneys' fees and costs in the amount of $1,840.75 ($530.00 costs plus $1,310.75 attorneys' fees).

## V. Conclusion

**IT IS ORDERED** that a judgment in favor of Plaintiff be entered against Defendant, Ultimate Jet-A-Way Sportsbar & Lounge, Inc., in the amount of $4,070.00 in statutory and enhanced damages plus $1,840.75 in attorney's fees and costs. Thus, the total judgment is $5,910.75.

October 31, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge