UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | C/A No.: 4:17-cv-1038-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| Ultimate Jet-A-Way Sportsbar & Lounge, | ) | |
| Inc., and La'Tanya T. Epps, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff J&J Sports Productions, Inc.'s [ECF No. 13] motion for summary judgment against Defendant La'Tanya T. Epps filed on August 31, 2017.

Plaintiff filed a complaint against Defendants, Ultimate Jet-A-Way Sportsbar & Lounge, Inc. and La'Tanya T. Epps, on April 21, 2017, seeking an award of statutory damages, enhanced damages, attorneys' fees and costs, as well as compensatory and punitive damages based on the unlicensed broadcast of the "Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program." [ECF No. 1].

On April 25, 2017, Plaintiff's private process server served La'Tanya T. Epps individually and as Registered Agent of Ultimate Jet-A-Way Sportsbar & Lounge [ECF No. 5-1]. Defendant Ultimate Jet-A-Way Sportsbar & Lounge failed to answer or otherwise respond to the complaint. Accordingly, on November 3, 2017, the Court entered a default judgment in favor of Plaintiff against Defendant Ultimate Jet-A-Way Sportsbar & Lounge, Inc. in the amount of $5,910.75, which consisted of $4,070.00 in statutory and enhanced damages plus $1,840.75 in attorney's fees and costs. [ECF No. 15].

Defendant La'Tanya T. Epps filed an answer on May 8, 2017. [ECF No. 6]. Plaintiff filed a

motion for summary judgment against Defendant Epps on August 31, 2017. [ECF No. 13]. To date, Defendant Epps has failed to file a response in opposition to Plaintiff's motion for summary judgment.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions,

interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**Discussion**

I.  Liability under 47 U.S.C. § 605

Plaintiff seeks summary judgment on the basis of Defendant Epps' failure to respond to Plaintiff's requests for admission. Plaintiff argues that by virtue of the Defendant's failure to respond to Plaintiff's Request for Admission, the following matters of material fact were admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure:

> a. The *Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program* (the "Event") was shown in the Establishment on May 3, 2014.
>
> b. Defendant intercepted the broadcast of the Event in the Establishment.
>
> c. Neither Defendant nor anyone else (to Defendant's knowledge) paid a licensing fee for the Event for the Establishment to Plaintiff or to any person authorized by Plaintiff.
>
> d. Defendant was aware that a licensing fee was required to be paid to Plaintiff in order to lawfully telecast the Event in the Establishment.
>
> e. In advance of the Event, Defendant advertised that the Event would be telecast within the Establishment.
>
> f. On May 3, 2014, the Establishment required its patrons or clientele of the Establishment to pay a cover charge or other fee to enter the Establishment.
>
> g. The Event was received in the Establishment because Defendant used a satellite

access card programmed to enable it to receive satellite television service without proper authorization or payment.

h. Defendant is the owner of the Establishment.

I. Defendant conducted business at the Establishment.

j. Defendant, La'Tanya T. Epps, was present inside the Establishment during the Event.

k. The Event was exhibited or broadcast at the Establishment for Defendant's financial gain.

l. Defendant intentionally exhibited the broadcast of the Event at the Establishment.

m. Defendant willfully exhibited the broadcast of the Event at the Establishment.

n. Defendant intended to broadcast the Event while avoiding payment of the commercial licensing fee.

o. By broadcasting the Event, Defendant willfully injured the Plaintiff.

p. Defendant obtained the telecast of the Event by illegal means.

q. Defendant owes the Plaintiff reasonable attorney's fees for the prosecution of this lawsuit.

Plaintiff argues that as a result of Defendant's admission of the facts above, there is no genuine issue of material fact regarding whether Defendant unlawfully intercepted and broadcast the program at their commercial establishment in violation of 47 U.S.C. § 605.

Title 47 of the United States Code Section 605 provides that:

> No person not being authorized by the sender shall intercept any
> radio communication and divulge or publish the existence,
> contents, substance, purport, effect, or meaning of such intercepted

> communication to any person. No person not be titled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted; shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

Defendant Epps has not filed a response in opposition to Plaintiff's motion for summary judgment. Upon a review of the record, it appears that Plaintiff is entitled to summary judgment on its claim for damages under 47 U.S.C. § 605.

II.  Statutory and Enhanced Statutory Damages under 47 U.S.C. § 605

The record also demonstrates that Plaintiff is entitled to statutory damages, enhanced statutory damages, and attorney's fees.

The available penalties and remedies for a violation of 47 U.S.C. § 605(a) include a private civil action, as follows:

> (B) The court--
>
> > (I) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;
> >
> > (ii) may award damages as described in subparagraph (C); and
> >
> > (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B).

The statute sets out the following available damages:

> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:
>
> > (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
> >
> > (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
>
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section. . . .

47 U.S.C. § 605(e)(3)(C).

Plaintiff requests statutory damages available under 47 U.S.C. § 605(e)(3)(C)(i)(II), rather than actual damages available under 47 U.S.C. § 605(e)(3)(C)(i)(I). As Plaintiff points out, statutory damages are difficult to prove.

Plaintiff seeks $10,000.00 in statutory damages, which is the maximum available pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and it argues for the maximum recoverable statutory damages to compensate Plaintiff for its damages and for the deterrent effect it may have in minimizing such future conduct.

According to the private investigator's affidavit, Ultimate Jet-A-Way Sportsbar & Lounge has a capacity of 150 patrons. [ECF No. 12-4]. According to Plaintiff's Affidavit in Support of Motion for Summary Judgment, the Rate Card shows that, based on a capacity of up to 150, the charge for the license fee for the Program was $3,000.00. [ECF No. 13-2 at 10].

The court may award statutory damages between $1,000 to $10,000 in an amount "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Nationwide, courts have used various methods of determining an appropriate amount of statutory damages. Some courts fashion an award by considering the number of patrons who viewed the programming, often multiplying that number by the cost of the residential fee for watching such programming. *See Joe Hand Promotions, Inc. v. Veltsistas, LLC*, No. 1:10CV1442 JCC/TRJ, 2011 WL 5826059, at *2 (E.D. Va. Oct. 21, 2011), report and recommendation adopted, No. 1:10CV1442 JCC/TRJ, 2011 WL 5826082 (E.D. Va. Nov. 18, 2011) (court used a "per patron" amount). Some courts base the statutory damages amount on an iteration of the licensing fee the violating establishment should have paid the plaintiff, and other courts award a flat amount for a violation. *See e.g., J&J Sports Prods., Inc. v. Cornelius*, No.

3:17-CV-0844-TLW, 2017 WL 3437325, at *4 (D.S.C Aug. 10, 2017) (court granted three times the license fee as statutory damages); *Kingston Pay-Per-View, Ltd. V. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008), report and recommendation adopted as modified sub nom. *Kingvision Pay-Per-View, Ltd. V. Valles-Salcedo*, No. CIVA07CV00979RPMMEH, 2008 WL 583817 (D. Colo. Feb. 28, 2008) (court granted a flat amount of $5,000.00 for defendant's violation).

The Court notes that the president of the Plaintiff indicated in his affidavit at paragraph 18 [ECF No. 13-2 at 6] that there were 4 television monitors and this was in a major metropolitan area. Neither is accurate. Kingstree is hardly a major metropolitan area, and the investigator's affidavit indicates that there were 2 television monitors playing the event and at most, 7 people were present with a $10.00 cover charge.

The Court concludes that statutory damages of $3,070.00 should be granted. Under the facts and circumstances, the Court concludes that the amount of the license fee plus the gross profit, when combined with enhanced damages and attorney fees reflected below is just compensation and a fair reflection of damage.

Plaintiff also seeks enhanced statutory damages. Plaintiff claims that Defendant willfully violated 47 U.S.C. § 605(a) for financial gain and seeks enhanced damages of $100,000, asserting that the Defendant intentionally intercepted and showed the Program for financial gain or commercial advantage and that said Defendant directly or indirectly committed wrongful acts and cannot hide behind a corporate shield.

The statute permits the court, in its discretion, to increase damages by up to $100,000 per violation when the violation is ". . . committed willfully and for purposes of direct or indirect commercial advantage or private financial gain [.]" 47 U.S.C. § 605(e)(3)(C)(ii). In addition to

8

Defendant's intentional acts, Plaintiff's Affidavit in Support of its Motion for Default Judgment asserts that the Program could not have been "mistakenly, innocently or accidentally intercepted." [ECF No. 13-2 at 3].

According to Plaintiff's private investigator's affidavit, Defendants did charge a cover charge of $10.00 [ECF No. 13-4 at 2], which charge establishes a motive of private financial gain. Defendant's conduct was intentional and willful, as it did not lawfully license the Program from Plaintiff and exhibited it to patrons.

Although the court finds that Defendant's violation was intentional and willful and agrees that more than nominal damages should be awarded to deter future violations, the Court does not approve the maximum of statutory enhanced damages. It concludes that enhanced damages in the amount of $1,000.00 (in addition to the $3,070.00 award discussed above and the award of attorney's fees and costs discussed below) should be granted.

Thus, the statutory and enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C) should be awarded in the aggregate amount of $4,070.00.

III. Attorney's Fees and Costs

The Communications Act requires that the court award "full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). As the rightful owner of the Program broadcast rights, Plaintiff is an aggrieved party which has prevailed.

Plaintiff submitted the affidavit of its South Carolina counsel in support of its request for costs. The court grants to Plaintiff costs in the amount of $530.00 (filing fee, investigative services and process service costs, etc.). [ECF No. 13-5 at 3].

The "full costs" to be awarded to a prevailing party pursuant to 47 U.S.C. § 605(e) includes

"reasonable attorneys' fees." In support of its request for attorneys' fees, Plaintiff submitted the Declarations of its counsel.

In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee ), the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awarded in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).

Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. *See E.E.O.C. v. Servo News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). ("[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee.") In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

The information Plaintiff provided, coupled with the court's knowledge of rates in work of this type in this District, supports an attorneys' fee in the amount of $1,310.75. Based on the information and supporting documents before the court at this time, the court concludes that the judgment against Defendants should include an award of attorneys' fees and costs in the amount of $1,840.75 ($530.00 costs plus $1,310.75 attorneys' fees).

## Conclusion

For the reasons stated above, Plaintiff's [ECF No. 13] motion for summary judgment is **GRANTED**.

IT IS ORDERED that a judgment in favor of Plaintiff be entered against Defendant, La'Tanya T. Epps, in the amount of $4,070.00 in statutory and enhanced damages plus $1,840.75 in attorney's fees and costs. Thus, the total judgment is $5,910.75.

| | |
|---|---|
| April 9, 2018 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |